[609 NYS2d 191]

CAROL BRODY, Respondent, v DENIS BRODY, Appellant.

First Department, March 17, 1994

## APPEARANCES OF COUNSEL

*Scott A. Brody* of counsel, Plainview *(Brody, Olsen, Wolkofsky & Brody,* attorneys), for appellant.

*John P. DiMascio* of counsel, Carle Place *(Dreyer & Traub,* New York City, and *DiMascio, Meisner & Koopersmith,* attorneys), for respondent.

## OPINION OF THE COURT

WALLACH, J.

The parties, divorced in 1987, had executed a separation agreement the previous year which provided, *inter alia,* for up to three years of support and maintenance for plaintiff at $825 per month (art X), plus support of up to $1,083 for each child per month until emancipation (art VIII). In addition, the agreement, which was not merged in the divorce decree, called for defendant to make a "distributive award" of $1 million to plaintiff "[i]n full satisfaction of all claims which the Wife has to equitable distribution of the marital estate" (art XII). This award was to be made in accordance with a schedule of payments, the first ($400,000) on August 1, 1986, and the remainder (at 9% interest) to be spread over the next four years, with payments on each August 1st.

The initial installment of the distributive award was paid in a timely fashion, but defendant defaulted on the next installment, in the amount of $198,380, which was due some four months after entry of the divorce judgment. In a plenary action to recover that 1987 payment, defendant's effort to be relieved of the obligation on the ground of changed economic circumstances was rejected, and plaintiff was awarded summary judgment in January 1988, entered as "a final and irrevocable settlement of all property and financial claims" between the parties.

Undeterred by that ruling, defendant filed a voluntary (11 USC ch 11) petition for bankruptcy in United States District Court for the Eastern District of New York (since converted to an insolvency proceeding under 11 USC ch 7). In September 1988, after defendant had defaulted on the next scheduled installment of $200,600, plaintiff sought a ruling from the Bankruptcy Court that the balance due under the separation agreement was a debt not dischargeable in bankruptcy. The Bankruptcy Court initially ruled, in February 1991, in plaintiff's favor for "support arrears" in the amount of $131,154. Three months later, the court ruled that the entire $600,000 balance of principal plus interest was similarly nondischarge-

able in bankruptcy. Both judgments are awaiting defendant's appeal before the District Court.

On the heels of the Bankruptcy Court's initial ruling, plaintiff served a restraining notice and execution against 65% of defendant's income from his law/accounting practice in Plainview. Defendant thereupon sought relief in the divorce court for vacatur or modification of the income execution. He claimed that plaintiff's argument in Bankruptcy Court, to the effect that the settlement was in the nature of support payments (and thus not dischargeable), was contrary to her earlier position in the divorce court, wherein she had argued that the payments were a property settlement (and thus not modifiable due to changed economic circumstances). The IAS Court denied the motion, deferring to the Bankruptcy Court on interpreting the nature of the award. The appeal has been transferred to this Court by the Second Department.

The characterization of an agreed-upon award in connection with the suspension or dissolution of a marital relationship depends upon the setting in which the agreement is applied. It may mean one thing in the context of a State court proceeding to terminate the marriage, and something quite different in a Federal forum to resolve tax consequences. It may be subject to yet another interpretation in the context of a bankruptcy proceeding. The answer as to whether the award should be considered as maintenance and support or as a property settlement need not be the same in each context (Cowans, Bankruptcy Law and Practice § 6.47, at 762 [1989 ed]). The Bankruptcy Code itself indicates that even the designation of a liability as "alimony, maintenance, or support" in a property settlement agreement will not require its consideration as such for purpose of discharge "unless such liability is *actually* in the nature of alimony, maintenance, or support" (11 USC § 523 [a] [5] [B] [emphasis added]). For bankruptcy purposes, the nature of the award will thus be determined more by the purpose of the Code than by any labels or characterization given to the agreement by State statutes or courts. In other words, whether a particular debt is a nondischargeable support obligation or part of a property settlement is a question of Federal bankruptcy law, not State law *(Matter of Biggs,* 907 F2d 503, 504 [5th Cir]). A bankruptcy court will "not [be] bound by the characterization of an award under state law" *(In re Williams,* 703 F2d 1055, 1057 [8th Cir]). On the other hand, a case might very well contain a blend of issues, some of which will be governed by State law

*(In re Dupont,* 19 Bankr 605, 607 [ED NY]). The New Jersey Appellate Division has held that an ex-spouse should not be burdened or punished in State court solely for exercising his Federal rights under the Bankruptcy Code *(Pellitteri v Pellitteri,* 266 NJ Super 56, 628 A2d 784). However, where that ex-spouse uses the bankruptcy proceeding in a frivolous effort to obtain affirmative relief from nondischargeable obligations under a marital property settlement agreement, he may very well suffer the consequential imposition of additional or related compensation in the State court *(see, Borzillo v Borzillo,* 259 NJ Super 286, 612 A2d 958; *Siegel v Siegel,* 243 NJ Super 211, 578 A2d 1269).

We hold that the Bankruptcy Court's characterization of defendant's debt to plaintiff as a marital obligation of support is limited to that proceeding. For our purposes, however, we view the distributive award in article XII as purely a property settlement. The distinction is crucial because income execution for support enforcement is now governed by CPLR 5241, while conventional debt enforcement by garnishment is still governed by CPLR 5231. Under the former, a debtor in arrears is subject to a maximum 55% income execution if he is already supporting someone else (CPLR 5241 [g] [1] [i]), and 65% if he is not supporting anyone else (CPLR 5241 [g] [1] [ii]). On the other hand, execution on an ordinary debt is still limited to 10% of disposable income (CPLR 5231 [b]). A distributive award is simply not enforceable by means of CPLR 5241 (or, for that matter, its judicial counterpart, CPLR 5242) *(Brian Maloney, M.D., P. C. v Maloney,* 140 Misc 2d 852; *see also, Sitarek v Sitarek,* 179 AD2d 1065). For purposes of enforcement, we hold this to be a conventional debt, thus limited to a maximum execution of 10% of disposable income. By thus limiting plaintiff's garnishment remedy under CPLR 5231, we do not mean to suggest that any other relief available to her under CPLR article 52 is thereby foreclosed.

Accordingly, the order, Supreme Court, Nassau County (Joseph J. Saladino, J.), entered October 9, 1991, which denied defendant's motion to vacate or modify the income execution, should be reversed, on the law, without costs, and the motion granted for modification insofar as to limit the income execution to 10% of periodic disposable income until the debt is satisfied (CPLR 5231 [b]).

Defendant's motion for leave to submit a late reply brief is granted only to the extent that our consideration of that brief

has been limited to points initially raised in defendant's main brief.

CARRO, J. P., ROSS, RUBIN and WILLIAMS, JJ., concur.

Order, Supreme Court, Nassau County, entered October 9, 1991, which denied defendant's motion to vacate or modify the income execution, reversed, on the law, without costs, and the motion granted for modification insofar as to limit the income execution to 10% of periodic disposable income until the debt is satisfied (CPLR 5231 [b]).

Defendant's motion for leave to submit a late reply brief is granted only to the extent that the Court's consideration of that brief has been limited to points initially raised in defendant's main brief. [As amended by unpublished order entered Mar. 22, 1994.]